**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE PARKER<br>324 Seneca Street<br>Lester, PA 19029 | : CIVIL ACTION – LAW<br>: NO. |
| Plaintiff, | : *Electronically filed* |
| vs. | : |
| UNIVERSAL PROTECTION SERVICE, LLC, d/b/a ALLIED UNIVERSAL SECURITY SERVICES<br>161 Washington Street, Suite 600<br>Conshohocken, PA 19428 | : JURY TRIAL OF 12 DEMANDED |
| Defendant. | : |

## COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*., the Americans with Disabilities Amendments Act ("ADAAA"), as well as under Title VII, 42 U.S.C. §2000e, *et seq*. Plaintiff's Title VII Notice of Right to Sue letter was issued May 30, 2026 and is attached as Exhibit A and this Complaint was filed within 90 days of receipt of that Notice. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq*., with the Pennsylvania Human Relations Commission and it has not been one year

since that cross-filing. Plaintiff seeks the Court to deem this action filed once one year has passed. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

2. Venue is proper in the Eastern District of Pennsylvania because at the time of the incidents in question, Plaintiff lived in Delaware County, the incidents in question occurred in Delaware County where Plaintiff worked for Defendant, and Defendant was located in Montgomery County.

## FACTUAL ALLEGATIONS

3. Plaintiff Michelle Parker ("Plaintiff"), currently, and at the time of the illegal activity herein occurred, resides at 324 Seneca Street, Lester, PA 19029.

4. Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("Defendant") is a foreign limited liability company with its principal place of business located at 161 Washington Street, Suite 600, Eight Tower Bridge, Conshohocken, PA 19428, and a registered place of business located of Corporation Service Company located at 5235 North Front Street, Harrisburg, PA 17110.

5. Plaintiff is in the following protected classes: disabilities: Complex Post Traumatic Stress Disorder, anxiety and depression; sex: female; race: Caucasian; color: white.

6. Plaintiff began working for Defendant in September of 2024 as a Dispatcher at various sites.

7. In June 2025, Plaintiff received a raise from Defendant and was promoted to permanent Site Supervisor at the Braskem site in Marcus Hook. Plaintiff had previously worked at this site on occasion.

8. Defendant violated the Americans with Disabilities Act ("ADA") and discriminated against Plaintiff when it failed to engage in the interactive process.

9. At all relevant times, Plaintiff's conditions met the definition of disability under the Americans with Disabilities Act ("ADA"), which includes not only a substantial limitation of a major life activity, but a perception of a disability and a record of having a disability. The ADA has been amended by the American with Disabilities Act Amendment Act ("ADAAA") and now has reduced definition of disability (something less than a substantial limitation) and focuses on employer conduct in refusing to accommodate disabilities.

10. Plaintiff's disabilities, Complex Post Traumatic Stress Disorder, anxiety and depression, are disabilities under the ADA/ADAAA as these medical conditions limit her in the major life activities of sleeping, interacting with others, communication, concentrating, and focusing.

11. Plaintiff's ADA disabilities were first diagnosed three (3) years. Plaintiff was diagnosed and received treatment, including medication, from

Psychiatric Nurse Practitioner Ashley Susko of Thriveworks as well as therapist Lauren Lowe of Thriveworks.

12. Plaintiff continues treatment and medication for her ADA disabilities. Plaintiff currently receives treatment, including medication, from Psychiatric Nurse Practitioner Dametria Bazemore-Anderson, as well as therapist Tranzana Spearman, both with Citywide Community Counseling Services.

13. Alternatively and/or additionally, Defendant discriminated against Plaintiff because of her sex in violation of Title VII.

14. Defendant retaliated against Plaintiff in violation of Title VII after Plaintiff reported a manager (male manager Kenneth Cross who is African American/black) for inappropriate sexual conduct towards a new hire (African American/black).

15. Alternatively and/or additionally, Defendant discriminated against and retaliated against Plaintiff because of her race, Caucasian, and color, white. Plaintiff's manager, Kenneth Cross, was African-American/black.

16. On Tuesday January 13, 2026, Client Manager Kenneth Cross arrived at the Braskem site unannounced where an interview was in progress for a replacement at the site.

17. Present for the interview were Plaintiff, the interviewee (an African American female), as well as one of Braskem's representatives (a male).

18. Plaintiff pulled a chair around for Mr. Cross to join the interview, however he promptly placed the chair in front of Plaintiff, blocking her and making it clear that he did not want Plaintiff to be part of the interview process.

19. Mr. Cross hired the interviewee on the spot.

20. As the interviewee/new hire was leaving, she put her hand out to shake Mr. Cross' hand.

21. Instead of shaking the interviewee/new hire's hand, Mr. Cross instead hugged her.

22. Plaintiff witnessed all of this from the same room and saw the new hire visibly stiffen. Plaintiff felt uncomfortable for the new hire.

23. The new hire began working for Defendant the following day, Wednesday, January 14, 2026.

24. Plaintiff spoke with the new hire regarding the incident of Mr. Cross hugging her following the interview.

25. The new hire stated that she felt it was 'weird' that she put out her hand for him to shake, and he in turn inappropriately hugged her.

26. The new hire, however, stated that she did not want to pursue anything.

27. Plaintiff advised the new hire that she did not have to pursue anything, however as the site supervisor, she felt she had an obligation to report the incident.

28. Plaintiff avers that the new hire was on her personal phone with Mr. Cross that Wednesday and Thursday, January 14 and 15, many times throughout the day.

29. Plaintiff reported the incident of Manager Kenneth Cross hugging the new hire to the ethics hotline on or about approximately January 14, 2026.

30. On Thursday, January 15, 2026 Plaintiff received a phone call from Defendant's Operations Manager Edgar Flores informing Plaintiff that she was not to report to work the following day (Friday) and that she was banned from the Marcus Hook work site.

31. This announcement from Operations Manager Flores came out of the blue.

32. Plaintiff asked why she was being banned. Client Manager Kenneth Cross, who was also on the phone call and had not been introduced as being on the call prior to that point in time, interjected and told Plaintiff that the client wanted her banned from the site. Plaintiff was then told to report to the office on Monday, January 19, 2026.

33. Plaintiff again asked what this was all about. Mr. Cross stated, "you know what you did; you know what you said."

34. Mr. Cross falsely accused Plaintiff of "behavior unbecoming of a site supervisor."

35. Mr. Cross additionally falsely accused Plaintiff of lying on this phone call.

36. On Friday, January 16, 2026, Plaintiff reported the incident involving Mr. Cross hugging the new hire to the ethics hotline as the incident involved a client manager and she did not feel comfortable reporting it to Operations Manager Flores.

37. Plaintiff arrived and signed into the Delaware office on Monday, January 19, 2026 15 minutes prior to the scheduled meeting.

38. Plaintiff was only notified half an hour later that both Mr. Flores and Mr. Cross were working from home and that the meeting was being rescheduled for the following day, Tuesday, January 20, 2026 at 10 a.m.

39. Plaintiff then received a text from Mr. Flores that the meeting was being moved to 1:00 p.m. on Tuesday.

40. On Tuesday, January 20, 2026 Plaintiff emailed Human Resources Manager Joyce Kowalevicz filling her in on everything that had occurred since the prior Tuesday, January 13, 2026.

41. Plaintiff reported in this email to Human Resources Manager Joyce Kowalevicz that Plaintiff felt that all Mr. Cross and Mr. Flores' actions were in retaliation to Plaintiff's reporting Manager Kenneth Cross to the ethics hotline.

42. Additionally, in this January 20, 2026 email to HR Manager Kowalevicz, Plaintiff notified her of her ADA disabilities, Complex Post Traumatic Stress Disorder, anxiety and depression, and that the incident with Manager Kenneth Cross had triggered panic attacks.

43. As scheduled, on that same day, Tuesday afternoon, Plaintiff met with Operations Manager Flores and Client Manager Cross.

44. Plaintiff could tell by Mr. Cross' demeaner that he had been reported.

45. Mr. Cross seemed to be 'fishing' for reasons to pull her off the Marcus Hook site rather than telling Plaintiff specifically why she was being pulled off the site.

46. Mr. Cross stated during this meeting that the client (Braskem) did not want Plaintiff at the site.

47. Plaintiff avers that she had been told by Braskem representatives that she was an asset to them.

48. Plaintiff then told Mr. Cross and Mr. Flores about her Post Traumatic Stress Disorder, and Mr. Cross immediately stated, "I knew you were going to try something."

49. Plaintiff was then given a Disciplinary Notice of a Final Warning by Mr. Flores and Mr. Cross.

50. This warning stated that "Any further infractions as such will lead to further disciplinary action up to and including termination" with no progressive disciplinary involvement.

51. Prior to this point in time, Plaintiff had never received Defendant's progressive disciplinary steps of Verbal Warning or Written Warning.

52. This Disciplinary Notice was issued by Mr. Cross and signed by Mr. Flores.

53. During this same meeting, Mr. Cross stated that because of Plaintiff's PTSD, they could not place her at any other sites.

54. Plaintiff avers that it is not uncommon in her line of work to move to another site, however the employer is supposed to move the employee to another comparable site/position.

55. On or about Friday, January 23, 2026, HR Manager Kowalevicz called Plaintiff to discuss the January 20th email Plaintiff had sent.

56. During this telephone call with HR Manager Kowalevicz, Plaintiff reiterated everything in the email. Plaintiff additionally reported to Ms. Kowalevicz that Client Manager Cross' behavior towards her and his hiring pattern seemed to be racially motivated.

57. Plaintiff avers that Client Manager Cross was hiring young female African Americans with little experience.

58. Plaintiff avers that Mr. Cross attempted to hire young African American females for other sites as well, however some sites would not accept them because of their lack of experience.

59. Ms. Kowalevicz told Plaintiff that HR spoke with Mr. Cross. That was all that was said.

60. Following this, Plaintiff received a phone call from Mr. Cross and was told to call another person regarding a possible site position.

61. Plaintiff placed the call regarding another site position.

62. The position was a last-minute fill-in position for that same night for a couple of hours, and Plaintiff did not have the necessary equipment for the position.

63. Plaintiff was not assigned a position/site by Defendant for weeks following this, and yet Plaintiff would receive notifications on the app that there were open shifts.

64. Plaintiff never received a termination notice from Defendant until April 7, 2026, which was backdated to April 1, 2026, the date that Plaintiff coincidentally filed for unemployment as she was not being assigned any available work.

65. Plaintiff avers that Defendant intentionally did not assign Plaintiff any available positions/sites.

66. Plaintiff avers that the new hire was immediately placed in the site supervisor position at Marcus Hook, Plaintiff's previous position.

67. Additionally, Plaintiff never received the raise due in January 2026.

68. Defendant discriminated against and retaliated against Plaintiff after she engaged in protected activity.

69. Plaintiff reported sex discrimination, a male manager, Kenneth Cross, hugging a female job applicant, and was retaliated against by being barred from her site and having no other positions/ sites offered to her.

70. Defendant did not engage or properly engage in the ADA's interactive process and/or failed to reasonably accommodate Plaintiff.

71. Plaintiff has been treated differently than other similarly situated employees by Defendant who have not been retaliated against for assertion of ADA rights.

72. Defendant discriminated against Plaintiff because of her ADA protected conditions, Complex Post Traumatic Stress Disorder, anxiety and depression, and used Plaintiff's disabilities as a reason not to assign her to another site/position.

73. Plaintiff was treated differently than other similarly situated employees by Defendant who have not been retaliated against for assertion of ADA rights.

74. Although Plaintiff reported her ADA protected conditions, Complex Post Traumatic Stress Disorder, anxiety and depression, and that the incident with Manager Cross was triggering panic attacks, Defendant did not offer any accommodation.

75. Plaintiff has years of experience in this line of work and her disabilities have never been an undue hardship, and she had never received any write-ups prior to this.

76. By Manager Kenneth Cross' conduct and demeanor, Plaintiff felt that he was treating her differently because of her race, color and sex.

77. Alternatively and/or additionally, Plaintiff has been discriminated against by Defendant because of sex.

78. Alternatively and/or additionally, Defendant retaliated against Plaintiff by banning her from the Braskem, Marcus Hook site after she reported one of Defendant's managers for inappropriate sexual conduct.

79. Respondent never provided Plaintiff any specifics regarding why she was pulled off the Braskem, Marcus Hook site. Plaintiff avers Manager Kenneth Cross invented this story as a pretextual reason in retaliation for Plaintiff reporting him for inappropriate sexual conduct.

80. Alternatively and/or additionally, Plaintiff has been discriminated against and retaliated against by Defendant because of race and color.

81. Defendant retaliated against Plaintiff for protected activity and continued to not place Plaintiff in any open positions/sites following her reports of sexual misconduct as well as retaliation against one of Defendant's managers.

82. Plaintiff experienced humiliation, embarrassment, and emotional distress as a result of Defendant's conduct.

83. Plaintiff suffered damages because of the conduct of Defendant, including but not limited to, lost wages, lost benefits, pain, suffering, humiliation embarrassment and emotional distress.

84. Defendant acted maliciously, oppressively, or in reckless disregard of Plaintiff's federally-protected rights with the requisite mental state, making Defendant liable for punitive damages, or such similar state law making it liable for punitive damages.

85. Defendant's upper management and Human Resource officials aided and abetted discrimination and retaliation by Defendant under the PHRA by the aforesaid conduct.

86. Defendants' activity herein was not done pursuant to good-faith practices in anti-discrimination requiring Kolstad liability.

87. No similarly-situated members of other protected classes were treated in this fashion.

88. Plaintiff's counsel has incurred attorney's fees and costs which are recoverable under the ADA/ADAAA, Title VII and the PHRA.

89. At the time of her termination, Plaintiff was earning $19.50/hour. Plaintiff was due to receive a raise in January 2026 to $20.00/hour, however never received it.

90. Plaintiff has mitigated her damages.

91. At all relevant times, Defendant, by and through the actions and inactions of its Human Resource officials, managers, agents, and employees, has failed to act in good faith towards Plaintiff, and either (1) intentionally or recklessly ignored company non-discrimination and non-retaliation policies, or (2) was inadequately trained in recognition of reasonable accommodation requests or situations which result in the triggering of an interactive process.

92. Defendant terminated Plaintiff as of January 15, 2026 by not providing Plaintiff with any hours/shifts and wages.

93. Alternatively, Defendant terminated Plaintiff by formally terminating her after she filed for unemployment on April 1, 2026 because she was not being assigned any shifts/hours and wages.

94. Plaintiff received a formal termination notification dated April 7, 2026 that backdated her separation date to April 1, 2026.

95. Defendant terminated Plaintiff the week after she filed for unemployment and her termination was in violation of public policy for filing an unemployment case.

96. Plaintiff sustained damages as a result of Defendant's conduct, including lost compensation and benefits (including medical benefits and other benefits) and actual monetary losses, compensatory damages, liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009).

97. There is a causal link between the adverse actions and the employment actions herein.

**COUNT I**

**MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES**

**AMERICANS WITH DISABILITIES ACT**

**REASONABLE ACCOMMODATION INCLUDING FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

98. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

99. Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

100. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

101. Plaintiff put the employer on notice that she had a disability.

102. Plaintiff suffered adverse employment action because of her disability, including failure to engage in the interactive process, failure to reasonably accommodate her, and termination.

103. Defendants did not engage in the interactive process.

104. Defendants failed to accommodate Plaintiff's ADA-protected conditions.

105. Defendants had no undue hardship in accommodating Plaintiff's ADA-protected conditions.

106. Plaintiff suffered damages.

107. Defendants are liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax

consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT II

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## AMERICANS WITH DISABILITIES ACT

## DISCRIMINATION

108. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

109. Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

110. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

111. Plaintiff suffered an adverse employment action because of her ADA-protected conditions, including being treated differently in the terms, conditions, and benefits of her employment than people without a disability and/or being terminated.

112. There is a causal link between the adverse actions and the damages Plaintiff has suffered.

113. Plaintiff suffered damages.

114. Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

**COUNT III**

**MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES**

**AMERICANS WITH DISABILITIES ACT**

**RETALIATION**

115. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

116. Plaintiff has ADA-protected conditions that meet the definition of a disability under the ADA/ADAAA.

117. Defendant knew of Plaintiff's assertions of ADA-protected rights and took adverse actions against her, including not providing her with reasonable accommodations and not engaging in an interactive process and/or terminating her.

118. There is a causal link between Plaintiff's assertion of her ADA rights and the adverse actions herein.

119. Plaintiff suffered damages.

120. Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT IV

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## PENNSYLVANIA HUMAN RELATIONS ACT

## REASONABLE ACCOMMODATION INCLUDING FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

121. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

122. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

123. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

124. Plaintiff put the employer on notice that she had a disability.

125. Plaintiff suffered adverse employment actions, including failure to engage in the interactive process, failure to reasonably accommodate her, and termination.

126. Defendants did not engage in the interactive process.

127. Defendants failed to accommodate Plaintiff's PHRA-protected conditions.

128. Defendants had no undue hardship in accommodating Plaintiff's PHRA-protected conditions.

129. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

**COUNT V**

**MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES**

**PENNSYLVANIA HUMAN RELATIONS ACT**

**DISABILITY DISCRIMINATION**

130. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

131. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

132. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

133. Plaintiff suffered an adverse employment action because of her disability, including termination and being treated differently in the terms, conditions, and benefits of her employment than people without a disability.

134. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

## COUNT VI

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## PENNSYLVANIA HUMAN RELATIONS ACT

## DISABILITY -- RETALIATION

135. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

136. Plaintiff has PHRA-protected conditions that meet the definition of a disability under the PHRA.

137. Defendant knew of Plaintiff's assertions of ADA-protected rights and took adverse actions against Plaintiff, including not providing her with reasonable accommodations, not engaging in an interactive process, and/or termination.

138. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits she would have been entitled to); (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering and humiliation; (6) medical expenses for additional treatment caused by the conduct of the employer; (7) interest; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (9) other costs of the action.

## COUNT VII

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF TITLE VII -- SEX DISCRIMINATION

139. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

140. Plaintiff is in a protected class because of her sex.

141. Plaintiff was qualified for her position.

142. Plaintiff suffered adverse employment action(s) because of her sex.

143. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

144. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT VIII

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF TITLE VII -- SEX RETALIATION

145. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

146. Plaintiff is in protected class because of her sex.

147. Plaintiff suffered adverse employment action(s) because she reported sexual discrimination.

148. Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

149. Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

150. There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

151. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs

of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT IX

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT – SEX DISCRIMINATION

152. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

153. Plaintiff is in a protected class because of her sex.

154. Plaintiff was qualified for her position.

155. Plaintiff suffered adverse employment action(s) by Defendant because of her sex.

156. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

157. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7)

interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT X**

**MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES**

**VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT – SEX RETALIATION**

158. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

159. Plaintiff is in protected class because of her sex.

160. Plaintiff suffered adverse employment action(s) because she reported sexual discrimination.

161. Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

162. Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

163. There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

164. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation,

including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XI

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF TITLE VII – RACE DISCRIMINATION

165. Plaintiff incorporates the foregoing paragraphs as if set forth herein.

166. Plaintiff is in a protected class because of race, Caucasian.

167. Plaintiff suffered adverse employment action(s) because of her race by Defendant.

168. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

169. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs

of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XII

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF TITLE VII – COLOR DISCRIMINATION

170. Plaintiff incorporates the foregoing paragraphs as if set forth herein.

171. Plaintiff is in a protected class because of color, white.

172. Plaintiff suffered adverse employment action(s) because of her color by Defendant.

173. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

174. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIII

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF TITLE VII – RACE RETALIATION

175. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

176. Plaintiff is in a protected class because of her race, Caucasian.

177. Plaintiff suffered adverse employment action(s) because she reported racial discrimination.

178. Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

179. Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

180. There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

181. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain,

suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIV

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF TITLE VII – COLOR RETALIATION

182. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

183. Plaintiff is in a protected class because of her color, white.

184. Plaintiff suffered adverse employment action(s) because she reported discrimination.

185. Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

186. Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

187. There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

188. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) punitive damages; (7) other costs of the action; (8) interest; and (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XV

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – RACE DISCRIMINATION

189. Plaintiff incorporates the foregoing paragraphs as if set forth herein.

190. Plaintiff is in a protected class because of race, Caucasian.

191. Plaintiff suffered adverse employment action(s) because of her race by Defendant.

192. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

193. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation,

including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVI

## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – COLOR DISCRIMINATION

194. Plaintiff incorporates the foregoing paragraphs as if set forth herein.

195. Plaintiff is in a protected class because of her color, white.

196. Plaintiff suffered adverse employment action(s) because of her color by Defendant.

197. There is a causal connection between the adverse employment action sustained by Plaintiff and her membership in a protected class.

198. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain,

suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

**COUNT XVII**

**MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES**

**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT – RACE**

**RETALIATION**

199. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

200. Plaintiff is in a protected class because of her race, Caucasian.

201. Plaintiff suffered adverse employment action(s) because she reported racial discrimination.

202. Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

203. Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

204. There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

205. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (7) interest; and (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XVIII
## MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES
## VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT – COLOR RETALIATION

206. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

207. Plaintiff is in a protected class because of her color, white.

208. Plaintiff suffered adverse employment action(s) because she reported discrimination.

209. Plaintiff suffered adverse employment actions(s) because she opposed discrimination.

210. Plaintiff had a good-faith, reasonable belief that her conduct was protected activity.

211. There is a causal connection between the adverse employment action sustained by Plaintiff and her protected activity herein.

212. Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as reinstatement; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) damages for pain, suffering, humiliation, and emotional distress; (6) other costs of the action; (6) interest; and (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's Eshelman doctrine.

## COUNT XIX

**MICHELLE PARKER v. UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES**

**VIOLATION OF PUBLIC POLICY FOR FILING AN UNEMPLOYMENT CASE**

213. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

214. Defendant engaged in discriminating against Plaintiff or retaliating against her in violation of public policy by terminating her shortly after Plaintiff filed for unemployment.

215. Plaintiff suffered damages, including loss of pay and benefits, pain, suffering and humiliation.

216. Defendant is liable for punitive damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front pay; (2) equitable relief such as rehiring (with all back and future benefits he would have been entitled to); (4) damages for pain, suffering and humiliation; (4) punitive damages; (5) medical expenses for additional treatment caused by the conduct of the employer; (6) interest; (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (8) other costs of the action.

Respectfully submitted,

Date: __August 24, 2026__

BY:__*/s/ Edward C. Sweeney*________

Edward C. Sweeney, Esquire
Attorney for Plaintiff
I.D. No. 64565
102 Pickering Way, Suite 403
Exton, PA 19341
(610) 594-1600
Validation of signature code: ECS1942